UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| SHARIN HALL, *Personal Representative of the Estate of Jackson W. Hall*, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DENZEL ALLEN, et al.,<br><br>Defendants. | Civil No. 14-116-ART<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs Sharin and Edwin Hall seek to invalidate four property transfers that their father, Jackson Hall, made before his death. Though Jackson Hall transferred the four parcels between 1995 and 1998, the plaintiffs only recently discovered the transactions. Soon after their discovery, they filed this action. Despite the passing of time since Jackson Hall transferred the properties, the plaintiffs state facts in their complaint suggesting that they are not necessarily barred by the statute of limitations as a matter of law. Moreover, the plaintiffs did not fail to join an essential party and claim damages in an amount that satisfies the threshold for federal jurisdiction. For these reasons, their action survives the defendants' motion to dismiss.

## BACKGROUND

The plaintiffs allege that the defendants unduly influenced their aging and incompetent father, Jackson Hall, to obtain four parcels of property from him between 1995 and 1998. R. 1 ¶¶ 8–12. The plaintiffs suspect that the defendants were able to execute the property transfers by taking advantage of Hall's incapacity while they maintained a

"confidential" fiduciary relationship with him. R. 5 at 1–2. Because of that close relationship, the plaintiffs claim that the defendants were able to conceal their fraudulent actions from others—even after Hall's death in 2011. *See id.* The plaintiffs learned about the land transfers while they administered Jackson Hall's estate and, accordingly, brought suit to recover the property they believe rightfully belongs to Jackson Hall.

## DISCUSSION

The defendants argue that the Court lacks subject-matter jurisdiction over the case, that the plaintiffs are out of time to bring their lawsuit, and that they failed to join an essential party to the action. *See* R. 3 at 1–2; R. 4 (construing selected defenses as motions to dismiss under Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure). For the reasons discussed below, none of the challenges has merit.

### I. The Plaintiffs Claim Sufficient Facts to Survive The Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

The defendants do not take issue with the diversity of the parties, but claim that the amount in controversy falls short of $75,000.00. *See* 28 U.S.C. § 1332 (requiring the amount in controversy to exceed $75,000.00). At this stage of the litigation, the Court should dismiss the action only if there is a "legal certainty" that the plaintiffs may not recover more than $75,000. *See Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938)). This "legal certainty" may occur where state law bars the type of damages the plaintiffs seek. *Id.* at 396. (quoting *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973)). Otherwise, the complaint will survive the motion to dismiss as long as the plaintiffs brought their claims in good faith and there is a "probability" that their damages exceed the

jurisdictional amount. *Id.* at 395; *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993) (noting that a case should not be dismissed unless it appears that the plaintiff asserted the amount in controversy in bad faith).

None of these defects is present here. Kentucky law allows plaintiffs to recover damages for lost income—the very kind of damages that the plaintiffs seek. *See* Ky. Rev. Stat. § 413.120(12) (establishing the statute of limitations for actions for damages). And it is "probable" that the total value of lost income from four parcels of land for the past seventeen years exceeds $75,000.00. The Sixth Circuit previously found damages for lost income from land over several years to satisfy the amount in controversy required for federal jurisdiction. *See, e.g.*, *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Finally, the defendants do not claim that the plaintiffs seek damages in bad faith. Rather, they "only suspect" that the damages fall below $75,000.00, and even acknowledge that more discovery is needed to properly determine whether the asserted amount in controversy is sufficient for federal jurisdiction. *See* R. 6 at 7. Suspicion, however, falls short of the "legal certainty" necessary to dismiss a complaint at this stage of the litigation.

For these reasons, the complaint survives the challenge to jurisdiction. But if discovery later reveals that the true value of the plaintiff's claims "never satisfied the jurisdictional requirement," the Court must—by motion or on its own initiative—dismiss the case. *See Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993); *see also* Fed. R. Civ. P. 12(h)(2) (allowing parties to move to dismiss a case for lack of subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) (requiring that a court dismiss claims for want of jurisdiction on its own initiative).

**II.     The Plaintiffs Are Not Plainly Time-Barred From Bringing Their Action.**

The defendants argue that the plaintiffs failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because they filed their complaint well after the statute of limitations expired. Although the statute of limitations is an affirmative defense and plaintiffs generally need not plead a lack of affirmative defense to state a valid claim, the Court can dismiss a complaint where the allegations plainly show that the claims are time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) (interpreting Fed. R. Civ. P. 12(b)(6)); *Rembisz v. Lew*, No. 14-1188, 2014 WL 5420784, at *2 (6th Cir. Oct. 27, 2014) (noting that a court may dismiss an action if a plaintiff "affirmatively pleads himself out of court" by including facts in the complaint that plainly show that the statute of limitations bars relief (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007))).

In this diversity case, the Court must apply Kentucky's statutes of limitation. *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945); *Atkins v. Schmutz Mfg. Co.*, 372 F.2d 762, 764 (6th Cir. 1967). And in Kentucky, the window to set aside or to collect lost profits from a transfer ordinarily closes five years after the date of the transfer. Ky. Rev. Stat. §§ 413.120(5), 413.120(12). In cases involving fraud—which the plaintiffs claim transpired here—the statute of limitations may be tolled. But a ten-year statute of limitations generally applies to cases involving fraud. *See* Ky. Rev. Stat. § 413.130(3) (requiring an action for relief or damages for fraud or mistake to be commenced within ten years after the perpetration of the wrongdoing); *see also Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971) (holding that an action will not lie after ten years even if fraud tolls the five-year statute of limitations); *Tarter v. Arnold*, 343 S.W.2d 377, 379 (Ky. 1960) (concluding that a

4

fraud claim to set aside a deed accrued when the deed was executed and thus was barred after ten years). When the fraud involves a plaintiff of "unsound mind," however, the ten-year limitation is not absolute. *See* Ky. Rev. Stat. § 413.170(1) (tolling the statute of limitations against a mentally incompetent plaintiff until his disability ends or he dies); *see also Anderson v. Layton*, 66 Ky. (3 Bush) 87 (1867) (holding that an incompetent plaintiff was not barred by the statute of limitations in bringing an action to recover the sale of land).

The plaintiffs did not plead themselves out of court even though they brought their claims well after the ten-year limitations period expired. Why? Because they allege that Jackson Hall suffered from "incompetency" and "incapacity" when he executed deeds transferring his property. R. 1 ¶¶ 7–12. At this stage of the litigation, the Court must accept these facts as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). And if the Court takes allegations of Hall's mental incompetency to be true, neither the five-year nor the ten-year statute of limitations could run against him while he was alive but under a mental disability. Thus, the plaintiffs timely brought suit within five years of when Jackson Hall's alleged disability ended—that is, within five years of his death. R. 1 ¶ 2. Accordingly, the face of the complaint does not plainly show that the action should be dismissed for falling outside of the statute of limitations.

### III. The Plaintiffs Did not Fail to Bring Their Claims Against a "Necessary" Party.

The defendants ask the Court to dismiss the suit because the plaintiffs failed to join as a necessary party Sharon S. Woods, the individual who notarized Jackson Hall's deed. R. 3 at 2; R. 6 at 6–7; *see also* Fed. R. Civ. P. 12(b)(7) (permitting dismissal for failure to join a party under Rule 19). The Sixth Circuit articulates a three-step test to determine whether

5

dismissal is appropriate under Rule 19. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). First, this Court must determine whether a person is a "necessary party" under Rule 19(a). *Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005). After satisfying this step, the Court must then evaluate whether joinder is feasible and, if not, whether the suit may continue in the party's absence or if the case should be dismissed because the party is indispensable. *Id.*

The defendants argue that Woods is a necessary party as a matter of Kentucky law, claiming that the plaintiffs must join a notary to a lawsuit to call into question a notarized fact. *See* R. 6 at 6–7 (citing Ky. Rev. Stat. § 61.060). Yet the plain language of the statute creates no such obligation. Rather, the statute allows plaintiffs questioning a "fact officially stated by an officer . . . in writing" to bring their claims in a direct proceeding against the officer, *or* by claiming that defendants committed a fraud, *or* by arguing that the officer made a mistake. *See* Ky. Rev. Stat. § 61.060(1). Indeed, the Kentucky Supreme Court has long contemplated that parties can bring a challenge to an official document under the statute in cases involving a fraud or mistake without bringing a direct proceeding against the officer who created the writing. *See Fletcher v. Wilson*, 500 S.W.2d 601, 605 (1973); *see also Cox v. Gill*, 83 Ky. 669, 671 (1886) (explaining that the statute was enacted simply to "make title to real estate more secure" by narrowing the circumstances where litigants could sue public officials or compel their testimony).

The defendants do not make any alternative argument for why Woods is a necessary party. They do not claim or present evidence to show that the Court cannot provide relief to the plaintiffs without joining Woods as a party. Fed. R. Civ. P. 19(a)(1)(A); *see also* 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed.

2013) (noting that a party should discharge its burden under Rule 19 through affidavits and extra-pleading evidence). Neither do the defendants argue that Woods herself has an interest in the litigation that would be compromised absent joinder or that the defendants would incur multiple liabilities without her presence. *See* Fed. R. Civ. P. 19(a)(1)(A). The defendants accordingly failed to carry their burden at the first step of the test for dismissal under Fed. R. Civ. P. 12(b)(7). *See Boles v. Greenville Housing Auth.*, 468 F.2d 476, 478 (6th Cir. 1972) (indicating that the initial burden lies with the moving party to establish that a third party is indispensable for purposes of Rule 19(a)); *see also* 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2013) (recognizing that the burden is on a party making a Rule 12(b)(7) motion to establish that missing parties are "necessary" or "indispensable" to the action).

Because the defendants did not marshal any facts to show that Sharon Woods is a "necessary" party, the Court does not need to inquire further. *Local 670, et. al. v. Int'l Union, et. al.*, 822 F.2d 613, 618 (6th Cir. 1987) (holding that "joinder, as well as further analysis, is unnecessary" if a court does not find that a party is "necessary" under Rule 19(a)).

## CONCLUSION

The plaintiffs plead sufficient facts in their complaint to allow their action to withstand a challenge to subject-matter jurisdiction. Moreover, the complaint indicates that the statute of limitations does not necessarily bar the plaintiffs' suit. For these reasons, and because the defendants did not demonstrate that the plaintiffs failed to join a necessary party, the motion to dismiss, R. 3, is **DENIED**.

This the 4th day of December, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge